**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SANS INSTITUTE, a Maryland company; JESSICA POWERS, an individuals; and DOES 1 to 50, Inclusive

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
04/07/225
By: Alexis Camacho, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TIFANNY TIEN, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civil Division of San Bernardino<br><br>247 West 3rd St., San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):* **CIVSB2507320** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rebecca Rojas, Esq.; HKM Employment Attorneys; 3600 Lime St., Bldg. 2, Ste. 114, Riverside, CA 92501; (951) 269-4229

| DATE: 4/7/2025 | Clerk, by | /s/ Alexis Camacho | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
3/13/2025 5:51 PM
By: Alexis Camacho, DEPUTY

Rebecca Rojas, Esq. (SBN. 272662)
HKM Employment Attorneys, LLP
3600 Lime St., Bldg. 2, Ste. 114,
San Bernardino, CA 92501
Phone/Fax: (951) 269-4229
Email:  rrojas@hkm.com

Attorneys for Plaintiff, TIFFANY TIEN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO – UNLIMITED JURISDICTION**

| | |
|---|---|
| TIFFANY TIEN, an individual,<br><br>                              Plaintiff(s),<br><br>        vs.<br><br>SANS INSTITUTE, a Maryland company;<br>JESSICA POWERS, an individual; and DOES 1<br>to 50, Inclusive,<br>                              Defendant(s) | Case No.:   CIVSB2507320<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **DISCRIMINATION BASED ON RACE, DISABILITY, AND SEX IN VIOLATION OF FEHA;**<br>2. **HARASSMENT IN VIOLATION OF FEHA;**<br>3. **HOSTILE WORK ENVIRONMENT BASED ON RACE, DISABILITY, AND SEX IN VIOLATION OF FEHA;**<br>4. **FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION IN VIOLATION OF FEHA;**<br>5. **RETALIATION IN VIOLATION OF FEHA;**<br>6. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;**<br>7. **RETALIATION IN VIOLATION OF LABOR CODE § 6310;**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>9. **UNFAIR BUSINESS PRACTICES**<br><br>   **DEMAND FOR JURY TRIAL** |

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, TIFFANY TIEN (hereinafter "Plaintiff") brings this action against Defendants, SANS INSTITUTE., a Maryland company, and JESSICA POWERS, an individual (hereinafter collectively "Defendants" or "Employer"); and DOES 1 through 50, inclusive. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of San Bernardino, State of California.

2.      Pursuant to California Code of Civil Procedure § 395, venue is proper in the Superior Court of California for the County of San Bernardino, because this is where Plaintiff was employed and where the wrongful misconduct alleged herein occurred or where it was directed.

3.      On or about January 29, 2025, the California Civil Rights Department ("CRD") provided PLAINTIFF with a right to sue letter. This action has been filed within all applicable statutory time periods.

4.      Accordingly, this Court has jurisdiction, and venue is proper.

## PARTIES

5.      Plaintiff, TIFFANY TIEN ("Plaintiff") is an individual who was an employee of Defendants from approximately July 2021 to June 1, 2024. Plaintiff is and was at all times relevant to this Complaint, a resident of the State of California, County of San Bernardino.

6.      Plaintiff is informed and believes, and based thereon alleges, that Defendant, SANS INSTITUTE, (hereinafter "Defendant Company) is, and at all material times was, a Maryland company, organized and existing under the laws of Maryland, with its principal place of business located at 11200 Rockville Pike, Suite 200, Rockville, Maryland 20852. Defendant Company is in the business of providing cybersecurity, security information, providing digital learning platforms through their products such as OnDemand and other services. Defendant Company serves international and national communities, including the County of San Bernardino and other counties within California. Defendant Company hired Plaintiff, while she lived in San Bernardino County during all relevant periods.

7.      Defendant JESSICA POWERS is an individual and is and was at all relevant times, a

PLAINTIFF'S COMPLAINT FOR DAMAGES

supervisor within Defendant Company and directly supervised and managed Plaintiff. Defendant JESSICA POWERS ("POWERS") is believed to be a resident of the State of Massachusetts.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a fictitiously named defendant is, in some manner, responsible for the events happening herein referred to, either contractually or tortiously, and caused the damage to Plaintiff as herein alleged, and Plaintiff will amend this Complaint to allege such true names and capacities when the same are ascertained.

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant and mentioned herein, Defendants, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-Defendants, and each of them, was acting within the course, scope and authority of said agency, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venturer.

## FACTUAL ALLEGATIONS

10. Plaintiff brings this action against the Defendants alleging multiple causes of action. Despite Plaintiff's dedicated service, she was forced to endure multiple violations of labor and employment laws, including: Defendant Company's discrimination related to her sex, race/ancestry, and/or disability, workplace harassment; hostile work environment; retaliation; and adverse employment actions by Defendant Company, including in its wrongful termination of Plaintiff. The Defendants' conduct caused Plaintiff significant economic damages and severe emotional distress.

11. Plaintiff began her tenure with the company on or about July 2021 and continued through approximately June 1, 2024, when Plaintiff was wrongfully terminated from her employment.

12. Plaintiff was hired as a product designer for SANS' OnDemand product.

13. Plaintiff is a female of Chinese ancestry.

14. At certain relevant time periods, Plaintiff was raising an infant.

15. On or about March 2023, Plaintiff was berated by an executive employee. When

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff responded and pushed back against the excessive, unreasonably abusive behavior, the reaction to Plaintiff from her supervisors and others was to blame Plaintiff for communication issues and to criticize her. Part of her employment review was negative and critical about her communications related to this event, even when she explained what had occurred. Gender and racial stereotypes were used to characterize Plaintiff negatively and in a discriminatory way.

16.     Shortly after her own incident with the abusive executive leader, a male coworker experienced the same abusive treatment and responded similarly as Plaintiff had—standing up for himself. However, despite responding similarly as Plaintiff, the male coworker was treated drastically differently from the same supervisors and persons who had criticized and/or berated Plaintiff. Instead, the male coworker was praised and commended for his response to the abusive executive leader.

17.     On or about June of 2023, Plaintiff's male coworker filed a complaint of discrimination with the Human Resources Department, due to his own observations that Plaintiff was treated dissimilarly than him for no apparent reason other than her sex and/or race/ancestry.

18.     On or about July of 2023, Plaintiff recognized too that she was treated differently for no rational reason other than because she was expected to behave submissively due to her sex and/or race. Plaintiff made a complaint for race and sex discrimination with the Human Resources Department.  Plaintiff was stereotyped due to her race and sex as to how she should have responded or communicated.

19.     Plaintiff also underwent a lengthy interview with a Human Resources personnel to discuss her complaints of discrimination.

20.     For many months, Plaintiff heard nothing about what occurred with her and her coworkers' complaints. On or about December 1, 2023, Plaintiff followed up with her complaints of race and sex discrimination. Also, in late November of 2023, Plaintiff submitted doctor's records to the Human Resources Department about her postpartum depression and her diagnosis of Attention Deficit Hyperactivity Disorder (ADHD).

21.     Shortly after her follow-ups with the Human Resources Department relating to her complaints of discrimination and her submission of medical records related to her disabilities, Plaintiff saw an increase in retaliatory actions, including not limited to the following:

PLAINTIFF'S COMPLAINT FOR DAMAGES

a. Jessica Powers changed work and meeting hours suddenly, making it more difficult for Plaintiff to engage in early morning childcare and feeding. Jessica Powers singled out Plaintiff for this change in expected work hours, also advising her that if she had "obligations" in the morning, that she had to work those out;

b. Jessica Powers also made remarks to Plaintiff—that her baby not interrupt any meetings, referring to her toddler as a "personal distraction", seeming to suddenly weaponize one time when Plaintiff's baby cried during a remote meeting in December of 2023; no remarks like this were ever made previously, and the remarks were made *shortly after* Plaintiff followed-up with her complaints for discrimination and her submission of medical records to the Human Resources Department relating to her postpartum depression and ADHD;

c. During this January 2, 2024, meeting, Amanda consistently described Plaintiff as "agitated" when Plaintiff met with her about her discrimination complaint. No such thing was stated to describe Plaintiff prior to that meeting.

d. When she returned from paid time off, on January 2, 2024, a meeting occurred between Plaintiff and her supervisor, Defendant Jessica Powers, and Human Resources personnel named, Amanda. During this meeting, Jessica Powers told Plaintiff that she is "difficult to work with"-- *after* Plaintiff followed-up with her complaints for discrimination and provided medical records to the Human Resources Department;

e. During this January 2, 2024, meeting, Jessica Powers told Plaintiff that multiple coworkers found her difficult to work with and that multiple coworkers did not like working with Plaintiff. To Plaintiff's understanding this statement is false. When in good faith, Plaintiff sought to understand if she mistreated any coworkers, Plaintiff approached certain co-workers who denied Defendant Powers' claims. Jessica Powers also made several negative comments to Plaintiff, which were not complained of before, accusing her of using, "foul language," speaking ill of coworkers, disrespecting others opinions and being "argumentative." She falsely

PLAINTIFF'S COMPLAINT FOR DAMAGES

accused Plaintiff of being repeatedly late to meetings and of "frequent personal distractions," which she implied was related to Plaintiff's childcare and her baby crying once during a remote meeting. Significantly, these were the first time Plaintiff ever heard such complaints. These comments were made in the same meeting that Plaintiff requested to follow-up with her complaints of discrimination and also shortly after her follow-up with the Human Resources Department about her complaints of discrimination in late 2023. Plaintiff had requested that her March 2023 performance evaluation be revisited in light of her understanding that male executive employee was found to be in the wrong, but she was met instead with hostility;

f.  During this same January 2, 2024, meeting, Plaintiff brought up her prior complaint submitted formally to Human Resources, but she was shut down by Defendant Powers and angrily told that she needed to "move on";

g.  A list of never previously mentioned critiques was thrown at Plaintiff during this January 2024 meeting;

h.  Plaintiff was suddenly provided with "updated goals", with half the time to complete new goals, which was unreasonable. Defendant's supervisor Defendant Powers, expected Plaintiff to fail in her assignments;

i.  Part of Plaintiff's work suddenly included work with the marketing team— something that fell outside Plaintiff's normal work duties and for which had no prior background—a clear attempt to have Plaintiff fail in order to continue peppering her file with a pretextual reason to fire her. However, Plaintiff excelled at her work;

j.  Upon information and believe, shortly before terminating her, Jessica Powers sought reviews of Plaintiff's work and collaboration with the marketing team. However, to Plaintiff's knowledge, the marketing team enjoyed working with her and gave her positive reviews.

22.  Plaintiff also had disclosed two disabilities to her supervisor to Human Resources

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

Department shortly before multiple adverse actions, including postpartum depression and ADHD.

23. To Plaintiff's knowledge, no investigation was ever made into her complaints of discrimination.

24. In an effort to silence Plaintiff, she was heavily criticized for making claims of discrimination, including the manner in which she made her complaints. During a January 2, 2024, meeting, Human Resources Personnel constantly referred to Plaintiff as "agitated" when providing her initial accounting of the discrimination she faced in an effort to minimize the substance of her complaints and instead characterize her delivery of her complaints in a negative manner. The repeated characterization of Plaintiff as "agitated" was meant to be demeaning and negative and Plaintiff understand it as so.

25. Throughout the next months, Defendant Powers treated Plaintiff coldly, excluded her from meetings or events where her team went and attempted to give her work far outside her work description.

26. Prior to her termination, Plaintiff's entire OnDemand team was at an offsite location that she was excluded from and was not even informed about. Other coworkers asked if she was going to be there, as she was again singled out and purposefully excluded.

27. On May 3, 2024, Plaintiff was told that she was being terminated, effective June 1, 2024. She was informed that the company no longer has design work for her. This was pretext.

28. To Plaintiff's knowledge, she was the only employee terminated from her team.

29. Coworkers of Plaintiff expressed shock at Plaintiff's termination.

30. Prior to the call informing Plaintiff of her termination, Plaintiff was on another call discussing significant design work that needed to be performed, including in light of the growth of Artificial Intelligence. The claim of not enough work was false and pretextual.

31. Significantly, Plaintiff was the most senior product designer for the product OnDemand, one of the most successful products of Defendant Company.

32. On information and belief, Plaintiff was terminated due to discrimination for her race/ancestry, sex, and disabilities, and because of her complaints about discrimination.

///

7

PLAINTIFF'S COMPLAINT FOR DAMAGES

## I.    FIRST CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE, SEX AND DISABIITY

### IN VIOLATION OF FEHA

### (AGAINST DEFENDANT COMPANY AND DOES 1-50)

33.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as if fully set forth herein.

34.    Defendant Company and DOES 1 to 50, are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"). Defendants, and each of them, acted as agents, directly or indirectly, of Defendant violating the FEHA and were therefore also employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

35.    Defendants discriminated against Plaintiff on the basis of her race, sex and disability, in violation of the California Fair Employment and Housing Act.

36.    Defendant Company discriminated against Plaintiff on the basis of race and sex, by stereotyping how she should have behaved in response to an abusive manager/senior employee. Plaintiff was censured and penalized for her response against an abusive executive employee. When a male coworker responded the way Plaintiff had against the abusive executive employee, he was applauded and commended. However, the exact same conduct, Plaintiff was labeled as "argumentative," "difficult," "abrasive," and other negative characterizations and labels, the opposite of how a male coworker was treated. Moreover, her male coworker was treated different in terms of the response to his own complaints of discrimination due to unfair treatment of Plaintiff. When Plaintiff complained about discrimination, she was retaliated against, labeled "difficult" and "argumentative" and was treated negatively, significantly impacting her at work.

37.    Significantly, additional discriminatory and retaliatory behavior occurred shortly after Plaintiff had disclosed to Human Resources about her medical disabilities of postpartum depression and ADHD.

38.    Plaintiff had also informed Defendant Jessica Powers of her postpartum depression. Shortly after Plaintiff's disclosure of these disabilities and her complaints of discrimination, Plaintiff

8

PLAINTIFF'S COMPLAINT FOR DAMAGES

began to experience retaliation and further adverse employment actions, including providing her with a negative review, speaking to her with hostility and anger, telling Plaintiff falsely that other coworkers did not like working with her, changing her schedule, and so forth.

39. In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

40. As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

41. As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

42. The above-described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

43. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civ. Code section 1021.5) as well as Government Code section 12940, et seq.

## II. SECOND CAUSE OF ACTION

### HARASSMENT

### (AGAINST ALL DEFENDANTS)

44. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

45. Under FEHA, it is unlawful for an employer to harass any employee on the basis of, *inter alia*, race, disability, and/or sex.

PLAINTIFF'S COMPLAINT FOR DAMAGES

46.    In perpetrating the above-described acts, Defendants, and DOES 1 to 50, their agents, and/or employees, and other supervisors engaged in unlawful harassment based on race/ancestry, sex and/or disability in violation of the FEHA. This harassment included labeling her "difficult", claiming untruthfully that other coworkers did "not like her" or "did not like working with her"—among other false claims. This harassment also included changing her schedule, claiming falsely that she was late to meetings or did not show up to meetings, and other actions intended to intimidate Plaintiff for her complaints of discrimination and disclosing her medical disabilities.

47.    Defendants, and DOES 1 to 50, their agents, and/or employees and other supervisors harassed Plaintiff because of her race, sex and/or disability.

48.    As a direct and proximate result of Defendants and DOES 1 to 50, and its principal's, supervisors, and other agents' harassment, Plaintiff has suffered (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages in an amount according to proof.

49.    Plaintiff has also incurred, and will continue to incur, necessary and reasonable attorney's fees and costs in order to enforce her rights, which she is entitled to recover under FEHA. In doing the acts alleged herein, Defendants acted maliciously and oppressively with the wrongful intent of injuring Plaintiff and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof.

### III.    THIRD CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT BASED ON RACE, DISABILITY & SEX

**(Government Code § 12940 et seq.)**

**(AGAINST ALL DEFENDANTS)**

50.    Plaintiff re-alleges and incorporates by reference each paragraph above as if fully set forth herein.

51.    The California Fair Employment and Housing Act, Government Code § 12900 et seq.

PLAINTIFF'S COMPLAINT FOR DAMAGES

("FEHA") at 12940(j)(1), prohibits workplace harassment on the basis of race, disability and sex.

52.     Plaintiff, a female of Chinese ancestry, is a member of a protected class. As someone who suffered from disabilities—ADHD and postpartum depression—Plaintiff is a member of a protected class.

53.     Defendants and DOES 1 to 50, subjected Plaintiff to a hostile work environment based on her race, sex and disability that was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment. A reasonable person belonging to Plaintiff's protected class would find the environment hostile or abusive. Plaintiff was treated differently and singled out for treatment because of her race, sex and/or disability.

54.     Defendants, and DOES 1 to 50, are vicariously liable for the conduct of their agents, employees and supervisors.

55.     As a direct, legal, and proximate result of Defendants' conduct, Plaintiff has sustained, and will continue to sustain, damages, including general damages, special damages, and emotional distress, in amounts to be established at trial.

56.     Defendants' conduct toward Plaintiff, being despicable and in conscious disregard of her rights and well-being, was willful, malicious, intentional, oppressive, and/or fraudulent, and thereby justify the award of punitive and exemplary damages in an amount to be determined at trial.

## IV.     FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION & HARASSMENT IN VIOLATION OF FEHA

### (AGAINST DEFENDANT COMPANY AND DOES 1-50)

62.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

63.     Under FEHA, it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Cal. Gov. Code § 12940(k).

64.     Although on notice, DEFENDANT COMPANY, in violation of Cal. Gov. Code § 12940(k), failed to take reasonable steps to protect PLAINTIFF from the harassment and discrimination alleged herein. Despite DEFENDANT COMPANY'S knowledge of the harassment

11

and discrimination alleged herein, and the actual knowledge of its agents, DEFENDANT COMPANY allowed the harassment and discrimination of Plaintiff based on her race, sex, and/or disability.

65.    As a proximate result of Defendant's unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

66.    Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

67.    In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

## V.  FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA;

## (AGAINST DEFENDANT COMPANY AND DOES 1-50)

68.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

69.    FEHA, prohibits "any employer…or person", inter alia, from retaliating against any employee because he or she is engaged in a protected activity. Filing a complaint, including an informal complaint, qualifies as a protected activity. Cal. Gov. Code § 12940 (h). Requesting a reasonable accommodation also qualifies as a protected activity. *Coons v. Secretary of U.S. Dept. of Treasury* (9th Cir. 2004) 383 F.3d 79, 887.

70.    By complaining about discrimination and harassment based on racial and sex discrimination, Plaintiff engaged in protected activities under FEHA and was exercising or attempting to exercise her rights. By going to Human Resources Department with her medical disabilities, Plaintiff was exercising a protected activity.

71. In violation of FEHA, Defendants allowed Plaintiff to continue to be subjected to harassment based on her complaints of discrimination and ultimately wrongfully terminated her for engaging in the protected activities set forth above. Moreover, because of her submission of medical documentation for her medical disabilities, she was also mistreated and then wrongfully terminated.

72. As a proximate result of Defendant's unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

73. Plaintiff is entitled to damages, reasonable attorney's fees and costs, and other appropriate relief as determined by this Court.

74. In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

## VI.    SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;

### (AGAINST DEFENDANT COMPANY AND DOES 1-50)

75. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if fully set forth herein.

76. Labor Code section 1102.5, subdivision (a), prohibits employers from discharging, retaliating, or in any manner discriminating against an employee for disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal law, or a violation or noncompliance with a state or federal rule or regulation.

77. Labor Code section 1102.5, subdivision (c), prohibits employers from retaliating

PLAINTIFF'S COMPLAINT FOR DAMAGES

against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

78.    Defendants, and DOES 1 to 50, violated Labor Code section 1102.5, subdivisions (a), (c), and (d) because Defendants retaliated against and tortiously, wrongfully discharged Plaintiff for complaining and disclosing to a person with authority over her/an employee with authority to investigate, discover, or correct legal violations/noncompliance that she was discriminated against on the basis of race and sex in violation of California laws. Plaintiff was ultimately terminated for her complaints of discrimination and for seeking accountability and an investigation into her complaints.

79.    As a result of Defendants' adverse employment actions, Plaintiff was harmed.

80.    As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer economic damages and emotional distress.

81.    Defendants' conduct toward Plaintiff, being despicable and in conscious disregard of her rights and well-being, was willful, malicious, intentional, oppressive, and/or fraudulent, and thereby justify the award of punitive and exemplary damages in an amount to be determined at trial.

## VII.    SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST DEFENDANT COMPANY AND DOES 1-50)

82.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

83.    It is the law and public policy of California to bar employers from discriminating against employees because of their race/ancestry, disability and/or sex. Employers may not terminate an employee based on race/ancestry, disability, or sex.

84.    It is also the law and public policy to bar employers from retaliating against employees for making protected complaints about illegal or unethical practices, such as discrimination.

85.    By harassing and discriminating against Plaintiff and terminating her employment in violation of FEHA and the labor code, Defendants, and DOES 1 to 50, violated California's public policy.

86.    As a proximate result of Defendants' unlawful acts, Plaintiff sustained a loss of

14

PLAINTIFF'S COMPLAINT FOR DAMAGES

earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, sadness, depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

87.    Plaintiff is entitled to damages, reasonable attorney's fees and costs, and other appropriate relief as determined by this Court.

88.    In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

## VIII.    EIGHTH CAUSE OF ACTION

### VIOLATION OF UNFAIR BUSINESS PRACTICES ACT

### (AGAINST ALL DEFENDANTS)

89.    Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

90.    The California Unfair Competition Law, California Business and Professions Code § 17200 et seq. ("UCL" or "B&P"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

91.    Defendants' conduct, as alleged above constitutes unlawful, unfair and/or fraudulent business practices for the reasons set forth above.

92.    As a result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiff suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress.

93.    Pursuant to B&P § 17203, Plaintiff seeks injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

94.    Pursuant to Code of Civil Procedure § 1021.5, Plaintiff and other aggrieved parties are entitled to recover reasonable attorney's fees, costs, and expenses incurred in bringing this action.

95.    Under B&P § 17203, Plaintiff seeks an order of this Court: (a) enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by B&P § 17200 et seq.; and (b) restoring all monies that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices.

## PRAYER

WHEREFORE, Plaintiff TIFFANY TIEN prays for judgment against Defendants as follows:

1.    For compensatory damages in an amount to be proven at trial;

2.    For general and special damages in amounts to be proven at trial;

3.    For punitive damages in an amount necessary to punish and make an example of Defendants;

4.    For the reasonable value of attorney services and fees, pursuant to applicable statutes.

5.    For prejudgment interest;

6.    For injunctive relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendants conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and Housing Act ("FEHA"), the rights and remedies of those who allege a violation of the FEHA, and the employer's internal grievance procedures;

7.    Plaintiff is also entitled to injunctive relief pursuant to Government Code Section 12965(b) to restrain Defendants from engaging in harassment, and to order Defendants to take all reasonable steps to prevent harassment from occurring, to promptly investigate claims of harassment, to remedy claims of harassment, and to prevent retaliation;

8.    Under Business and Professions Code § 17536, that Defendant Companies be assessed a civil penalty in the amount of $2,500 for each violation of Business and Professions Code § 17500, according to proof;

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

9.      For costs of suit;

10.     For such other and further relief as the Court deems just and proper.


DATED: March 13, 2025                                    **HKM ATTORNEYS, LLP**

_____
Rebecca Rojas, Esq.
Attorney for Plaintiff, TIFFANY
TIEN

17

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

DATED: March 13, 2025                                          **HKM ATTORNEYS, LLP**

_____

Rebecca Rojas, Esq.
Attorney for Plaintiff, TIFFANY
TIEN

PLAINTIFF'S COMPLAINT FOR DAMAGES

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:                STATE BAR NO:

NAME: Rebecca Rojas, Esq. (SBN 272662) // Seungjai Oh, Esq. (SBN 333996)

FIRM NAME: HKM Employment Attorneys, LLP

STREET ADDRESS: 3600 Lime St., Bldg. 2, Ste. 114

CITY: Riverside          STATE: CA      ZIP CODE: 92501

TELEPHONE NO.: (951) 269-4229      FAX NO. :

E-MAIL ADDRESS: rrojas@hkm.com; soh@hkm.com

ATTORNEY FOR (Name): Plaintiff Tiffany Tien

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO

STREET ADDRESS: 247 W. 3rd St.

MAILING ADDRESS:

CITY AND ZIP CODE:    San Bernardino, CA 92415

BRANCH NAME: San Bernardino Justice Center

Plaintiff/Petitioner:  Tiffany Tien

Defendant/Respondent:  SANS Institute, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIVSB2507320 |
|---|---|

TO (insert name of party being served): SANS Institute

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  04/25/2025

Rebecca Rojas, Esq.
(TYPE OR PRINT NAME)

▶          _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of **(to be completed by sender before mailing):**

1. [X]  A copy of the summons and of the complaint.
2. [ ]  Other (specify):

---

**(To be completed by recipient):**

Date this form is signed:   May 12, 2025

Henry A. Platt, Esq., Counsel for Defendant The Escal Institute of Advanced Technologies, Inc. (dba SANS Institute), erroneously sued as SANS Institute
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶          _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rebecca Rojas, Esq.<br>HKM Employment Attorneys, LLP; 3600 Lime St., Bldg. 2, Ste. 114, Riverside, CA 92501<br><br>TELEPHONE NO.: (951) 269-4229          FAX NO. :<br>EMAIL ADDRESS: rrojas@hkm.com<br>ATTORNEY FOR *(Name):* Plaintiff, Tiffany Tien | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>3/13/2025 5:51 PM<br>By: Alexis Camacho, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
 STREET ADDRESS: 247 West 3rd St.
 MAILING ADDRESS: 247 West 3rd St.
 CITY AND ZIP CODE: San Bernardino, CA 92415
 BRANCH NAME: Civil Division of San Bernardino

CASE NAME:
 Tiffany Tien vs. SANS Institute, et al.

| CIVIL CASE COVER SHEET<br>[x] **Unlimited**  [ ] **Limited**<br>(Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CIVSB2507320 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 9 Causes of Action; please see Attachment 1.
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/13/2024
Rebecca Rojas, Esq.
(TYPE OR PRINT NAME)                                                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
 Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
 relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Tien vs. SANS Institute, et al. | |

**ATTACHMENT** *(Number):* ONE

*(This Attachment may be used with any Judicial Council form.)*

1. DISCRIMINATION BASED ON RACE, DISABILITY, AND SEX IN VIOLATION OF FEHA;

2. HARASSMENT IN VIOLATION OF FEHA;

3. HOSTILE WORK ENVIRONMENT BASED ON RACE, DISABILITY, AND SEX IN VIOLATION OF FEHA;

4. FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION IN VIOLATION OF FEHA;

5. RETALIATION IN VIOLATION OF FEHA;

6. RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;

7. RETALIATION IN VIOLATION OF LABOR CODE § 6310;

8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;

9. UNFAIR BUSINESS PRACTICES

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___3___ of ___3___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Tien -v- POWERS et al | |
| --- | --- |
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2507320 |

HKM Employment Attorneys, LLP
3600 Lime Street Building 2
Suite 114
Riverside CA  92501

This case has been assigned to:   Donald Alvarezin Department S23 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  10/6/2025 at 9:00 AM in Department S23 - SBJC

Date: 4/8/2025                              By: _____
                                                           Alexis Camacho, Deputy Clerk

--------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  4/8/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 4/8/2025 at San Bernardino, CA.

By: _____
       Alexis Camacho, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Tiffany Tien

Case No.: _____  CIVSB2507320

vs.

**CERTIFICATE OF ASSIGNMENT**

SANS Institute, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the __San Bernardino Civil Division__ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

■ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☒ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Plaintiff resides within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Tiffany Tien

4548 South Grant Paseo

NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Ontario          CA          91762

CITY          STATE          ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on __03/13/2025__ at __Riverside__, California.

_Rebecca Rojas_
Signature of Attorney/Party

Form # 13-16503-360          CERTIFICATE OF ASSIGNMENT          Rev. June 2019
Mandatory Use